DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Albert Bischoff, Robert Bischoff, and Bischoff Brothers Partnerships, et al., bring this cause on appeal from the Probate Court of Huron County's award of prejudgment interest to appellee, Maxine S. Bischoff, Commissioner of the Estate of Paul Bischoff. Paul Bischoff (decedent) and his brother, Albert Bischoff, were partners in a family farming operation. Paul Bischoff died in 1994, and in 1995 his wife, Maxine Bischoff, and her daughter, Linda Bischoff, filed suit against Albert Bischoff and his son, Ronald Bischoff, raising several causes of action, including claims to the ownership of certain machinery used in the family farming partnership and of other partnership property. At trial on October 26, 2004, the court ruled in favor of appellee, Maxine Bischoff, finding that appellants owed decedent's estate $17,534.40. It also awarded prejudgment interest in the amount of $27,134.36.
 {¶ 2} Appellants assert two assignments of error:
 {¶ 3} "The trial court erred by assessing prejudgment interest against the Defendant-Appellant's [sic]."
 {¶ 4} "If prejudgment interest is awarded it may only be done in a post judgment hearing."
 {¶ 5} Appellants dispute the trial court's award of interest, citing R.C. 1343.03(C). Contrarily, appellee claims the award of prejudgment interest was proper, citing R.C. 1343.03(A). The Huron County Probate Court also relied upon section (A) of the statute in reaching its decision. These two sections state in relevant part:
{¶ 6} "(A) In cases other than those * * * in sections 1343.01 and1343.02, when money becomes due and payable upon * * * all judgments, decrees, and orders of any judicial tribunal for the payment of moneyarising out of tortious conduct or a contract or other transaction, thecreditor is entitled to interest * * *. (C) If, upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay money failed to make a good faitheffort to settle the case and that the party to whom the money is [owed]did not fail to make a good faith effort, interest on the judgment, decree, or order shall be computed [.]" R.C. 1343.03(A), (C) (as amended by 2004 H 212, § 3, eff.6-2-2004) (Emphasis added.)
 {¶ 7} Appellants admit that this case is "neither a contract nor a tort case." We agree and find the claim properly labeled as an "other transaction" with the purview of R.C. 1343.03(A). Consequently, appellants' reliance upon R.C. 1343.03(C) is improper. That section applies solely to tortious conduct. See Moskovitz v. Mt. Sinai MedicalCenter (1994), 69 Ohio St.3d 638, 657. Accordingly, R.C. 1343.03(A) governs this dispute.
 {¶ 8} Appellants contend that their good faith efforts and the unclear nature of the damage amount effectively deny a prejudgment interest award in this case. These arguments are unpersuasive. An R.C. 1343.03(A) analysis of a prejudgment interest award does not include a consideration of the parties' "bad faith" and "good faith" actions. See Royal Elec.Constr. Corp. v. Ohio State Univ. (1995), 73 Ohio St.3d 110, 115. R.C.1343.03(A) does not give trial courts discretion in awarding prejudgment interest. Kott Ent., Inc. v. Brady (Dec. 30, 2004), 6th Dist. No. L-03-1342, 2004-Ohio-7160, at ¶ 73, discretionary appeal not allowed by105 Ohio St.3d 1563, 2005-Ohio-2447. In fact, R.C. 1343.03(A) expressly entitles the "creditor," appellee in this case, to interest. Awards of prejudgment interest are not punitive in nature. Royal Elec. Constr.Corp., 73 Ohio St.3d at 117. Prejudgment interest is "compensation and serves ultimately to make the aggrieved party whole." Westbrock v.Western Ohio Healthcare Corp. (2000), 137 Ohio App.3d 304. In order to be made whole, the aggrieved party is entitled to compensation for the lapse between the claim's accrual and the court's judgment, Royal Elec.Constr. Corp., 73 Ohio St.3d at 117, "even if the sum due was not capable of ascertainment until determined by the court." Kott Ent., Inc.,2004-Ohio-7160 at ¶ 73; Royal Elec. Constr. Corp. v. Ohio State Univ.,73 Ohio St.3d at 116; United States Playing Card Co. v. The Bicycle Club
(1997), 119 Ohio App.3d 597. Because the award of the interest is not discretionary, regardless of the parties' good faith or bad faith actions or the certainty of the amount due, Kott Ent., Inc., 2004-Ohio-7160 at ¶ 73, appellant's first assignment of error is not well taken.
 {¶ 9} Although not raised as a separate assignment of error, appellants allude to the fact that they were not responsible for the ten-year period between decedent's death and the trial in this case, and should not be penalized for that lapse of time. We review the trial court's determination of when the interest began to accrue for an abuse of discretion. Id. Abuse of discretion means the court's decision was "unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. The Huron County Probate Court assessed prejudgment at a rate of ten percent per annum beginning October 26, 1994, four months after Paul Bischoff's death, and at a rate of five percent per annum from June 2, 2004 to October 26, 2004. The record in this case shows that the Huron County Probate Court's determination of the date on which the interest began to accrue was not "unreasonable, arbitrary, or unconscionable." Id. Accordingly, the trial court did not abuse its discretion.
 {¶ 10} In their second assignment of error, appellants argue that a postjudgment hearing was required before any prejudgment award could be assessed against them. The statute does not require a postjudgment hearing before assessing prejudgment interest. R.C. 1343.03(A). Only section (C), which applies solely to tort claims and is inapplicable here, requires a postjudgment hearing. R.C. 1343.03(C)(1). Accordingly, the trial court's procedure for assessing prejudgment interest against appellant was proper and appellant's second assignment of error is not well taken.
 {¶ 11} For the foregoing reasons, the judgment of the Huron County Probate Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expenses incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J. concur.